[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 25, 2010
JOHN LEY
CLERK

No. 09-16157
Non-Argument Calendar

_____

D. C. Docket No. 09-00287-CR-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN OZONA-RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 25, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Ozona-Rodriguez appeals his 24-month sentence, imposed within the applicable guideline range, following his conviction for alien reentry without permission in violation of 8 U.S.C. § 1326. On appeal, Ozona-Rodriguez argues that his sentence was substantively unreasonable.[1] Specifically, he asserts that his sentence fails to achieve the goals enumerated in 18 U.S.C. § 3553(a) by failing to: provide just punishment; reflect the seriousness of the offense; promote respect for the law; and deter others in the community from committing similar offenses.

Where appropriate, we review a final sentence imposed by the district court for "reasonableness" under an abuse of discretion standard. *United States v. Ellisor*, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008). The standard is deferential, and we must take into account the totality of the circumstances in reviewing the district court's sentence. *Gall v. United States*, 552 U.S. 38, 41, 51, 128 S. Ct. 586, 591, 597 (2007). The party challenging the sentence carries the burden of establishing unreasonableness. *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 2848 (2009).

---

[1] Ozona-Rodriguez's brief mentions procedural reasonableness in passing but argues only that his sentence was substantively unreasonable. Therefore, he has abandoned any challenge that his sentence was procedurally unreasonable, and we do not address that issue on appeal. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding that issues not raised "plainly and prominently" in the initial brief are abandoned).

A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted). Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2).

The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7). We defer to the district court's judgment regarding the weight given to each § 3553(a) factor, unless the district court has made "a clear error of judgment" under the facts of a particular case. *Gonzalez*, 550 F.3d at 1324. A district court need not discuss each § 3553(a) factor individually. *Gonzalez*, 550 F.3d at 1324. Rather, "an acknowledgment by the

3

district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (quotation omitted). A sentencing court also "should set forth enough to satisfy the appellate court that [it] . . . has a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotation omitted). Finally, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Talley*, 431 F.3d at 788.

Upon review of the record, and consideration of the parties' briefs, we affirm. Although Ozona-Rodriguez's 24-month sentence reflected the statutory maximum, it was nonetheless at the bottom of the applicable guideline range. The district court based its decision on two major observations: first, that Ozona-Rodriguez had not been punished the first time he had been deported, and therefore he required more serious punishment for this offense; and second, that his criminal history, consisting mainly of shoplifting offenses, was "impressive." Based on his history of repeated offenses for which he had yet to receive any significant consequences, the district court did not abuse its discretion in imposing a 24-month sentence in order to serve § 3553(a)'s goals of deterrence, protecting the public,

and promoting respect for the law.  Accordingly, we hold that the district court imposed a substantively reasonable sentence.

**AFFIRMED.**